## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MICHIGAN

**LAWRENCE RIDER-EL,**                                   CASE NO. 2:22 CV 13022

     Plaintiff,

     v.                                                   JUDGE JAMES R. KNEPP II

**UNITED STATES OF AMERICA, et al.,**
                                                         **MEMORANDUM OPINION AND**
     Defendants.                                       **ORDER**

### INTRODUCTION

*Pro se* Plaintiff Lawrence Rider-El brings this case asserting claims under 18 U.S.C. §§ 241 and 242, 42 U.S.C. § 1983, and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against Defendants the United States of America, Attorneys Wanda R. Cal and Jeffrey L. Edison, Assistant United States Attorney ("AUSA") Karen L. Reynolds, Bureau of Alcohol, Tobacco, and Firearms ("ATF") Agent Andrea Roseman, and United States District Judge Gershwin A. Drain. (Doc. 1).[1] Plaintiff also filed a motion to proceed *in forma pauperis*. (Doc. 2). For the reasons discussed below, Plaintiff's motion to proceed *in forma pauperis* is granted, and the Court dismisses this action pursuant to 28 U.S.C. § 1915(e).

### BACKGROUND

In December 2019, Plaintiff was indicted on charges of conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1349; wire fraud in violation of 18 U.S.C. § 1343; and conspiracy to use fire to commit a felony in violation of 18 U.S.C. § 844(m). *United States v.*

---

1. This matter is before the Court based on the Sixth's Circuit's designation of the undersigned to hear this case. *See* Doc. 6.

*Rider*, No. 2:19 CR 20831 (E.D. Mich.). The charges related to an "arson-for-hire" scheme between Plaintiff, his co-defendant, and a third individual Plaintiff seemingly identifies as his brother. Defendants Cal and Edison represented Plaintiff at various stages of these federal criminal proceedings (Cal was appointed; Edison was retained). Defendant Reynolds was the prosecutor and Judge Drain the judicial officer. Following a guilty plea to one count of the indictment and dismissal of the other two, on January 17, 2023, Plaintiff was sentenced to two years' probation. *United States v. Rider*, No. 2:19 CR 20831 (Doc. 145) (judgment).

In the instant case, Plaintiff alleges Defendants "conspired together" to deprive him of his due process rights and violated 18 U.S.C. §§ 241 and 242, "by [m]aliciously bringing false charges against the Plaintiff to [e]ntrap his brother George Rider." (Doc. 1, at 1). He further contends Defendants "withheld relevant information that was part of the [d]iscoveries of the fraudulent matter" in his criminal case. *Id.* He asserts AUSA Reynolds and ATF Agent Roseman "conspired together deliberately and maliciously to . . . [e]ntrap the Plaintiff". *Id.* at 2. He asserts Attorney Cal acted as standby counsel and committed "malfeasance in office under threat, duress & coercion" related to having Plaintiff "fraudulently sign a financial document[] in which plaintiff was not in agreement." *Id.* Plaintiff further asserts Reynolds and Cal conspired together to create a fraudulent plea agreement. *Id.* Finally, he contends Attorney Edison acted ineffectively and violated his Sixth Amendment right to counsel. *Id.*

Plaintiff further cites 42 U.S.C. § 1983 and *Bivens* as the basis for his damages claims and identifies his claims as arising under the First, Fifth, Sixth, Ninth, and Fourteenth Amendments. He cites the "[f]ailure to disclose exculpatory evidence" and the "introduc[tion] of false evidence"; he seeks to "hold Karen Reynolds liable for her overt and intentional acts of malicious prosecution". *Id.* (capitalization altered). He seeks $500,000 in

damages from each Defendant, to have the criminal charges against him "dropped", and the institution of criminal proceedings against each Defendant. *Id.*

### STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in [the] complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting Fed. R. Civ. P. 8(a)(2)). The factual allegations must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

3

**DISCUSSION**

Plaintiff brings civil rights claims based on various actions taken by Defendants in connection with his federal criminal case. For the reasons discussed below, the Court finds none state a claim upon which relief can be granted, and the Court dismisses this case.

<u>Claims Under 18 U.S.C. §§ 241 and 242</u>

At the outset, Plaintiff seeks to assert claims under 18 U.S.C. §§ 241 and 242. He cannot do so. These are criminal statutes that do not provide a private right of action. *See Kafele v. Frank & Wooldridge Co.*, 108 F. App'x 307, 308-09 (6th Cir. 2004) (plaintiff, a private citizen suing under 28 U.S.C. §§ 241, 242 and other statutes, possessed no private right of action against defendants for alleged violations of those statutes and had no authority to initiate a federal criminal prosecution against the defendants for their allegedly unlawful acts); *United States v. Oguaju*, 76 F. App'x 579, 581 (6th Cir. 2003) (plaintiff had no private right of action under 18 U.S.C. §§ 241 and 242); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989) ("a private citizen has no authority to initiate a federal criminal prosecution" and "[o]nly the United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241–242 (the criminal analogue of 42 U.S.C. § 1983)").

When no private right of action is available to a plaintiff, he does not state a claim upon which relief can be granted. *Kafele*, 108 F. App'x at 308-09. Plaintiff's claims under 18 U.S.C. §§ 241 and 242 must be dismissed.

<u>Claims Against the United States / Official Capacity Claims</u>

Plaintiff brings suit against Defendants in both their official and individual capacities and names the United States of America as a Defendant.

4

Official capacity suits against federal employees are generally treated as suits against the United States. *Kentucky v. Graham*, 473 U.S. 159, 165-67 (1985). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994) (internal citations omitted); *Block v. North Dakota*, 461 U.S. 273, 287 (1983) ("The United States cannot be sued at all without the consent of Congress."). A waiver cannot be implied; it must be expressed unequivocally. *United States v. Testan*, 424 U.S. 392, 399 (1976). Because the United States has not waived its immunity to a *Bivens* action, Plaintiff may not sue the individual defendants in their official capacities under *Bivens. Nuclear Transp. & Storage, Inc. v. United States*, 890 F.2d 1348, 1351-52 (6th Cir. 1989).

Plaintiff's claims against the United States of America as well as claims against the federal actors in their official capacities must therefore be dismissed.

Claims Against Defense Attorneys

Plaintiff seeks to bring claims under *Bivens* or § 1983 against his defense attorneys, Defendants Cal and Edison. But attorneys do not act under color of state law for purposes of § 1983 or under color of federal law for purposes of *Bivens*, regardless of whether they are court-appointed or privately retained. *Polk Cnty. v. Dodson*, 454 U.S. 312 (1981) (public defender does not act under color of state law for purposes of § 1983); *Harmon v. Hamilton Cnty. Ct. of Comm. Pl.*, 83 F. App'x 766, 767 (6th Cir. 2003) ("Here, the defendant attorneys did not act under color of state law as privately retained attorneys, although the acts alleged related to state court litigation."); *Pagani-Gallego v. Escobedo*, 1998 WL 381562, at *1 (6th Cir.) (court-appointed attorney representing criminal defendant in federal court does not act under color of federal law for *Bivens* purposes); *Bradford v. Shankman*, 1985 WL 13659, at *1 (6th Cir.) (federal defender and a private attorney do not act under color of federal law for purposes of a *Bivens* action).

As such, Plaintiff's claims against Cal and Edison fail to state a claim upon which relief can be granted.

Claims Under § 1983 / *Bivens*

Plaintiff cites 42 U.S.C. § 1983 and *Bivens* as the basis for his civil rights claims. AUSA Reynolds, ATF Agent Roseman, and Judge Drain are all federal actors, not state actors. 42 U.S.C. § 1983 is therefore inapplicable. "The federal government and its officials are not subject to suit under [§ 1983]." *Conner v. Greef*, 99 F. App'x 577, 580 (6th Cir. 2004) (citing *Ana Leon T. v. Fed. Reserve Bank*, 823 F.2d 928, 931 (6th Cir. 1987)). This is because actions taken by federal agencies are "governed by and are taken pursuant to [federal statute]," *Ana Leon T.*, 823 F.2d at 931, and "federal officials typically act under color of *federal* law," *Strickland v. Shalala*, 123 F.3d 863, 866 (6th Cir. 1997) (emphasis in original). Any claim under § 1983 thus fails to state a claim and must be dismissed.

Seemingly recognizing this, Plaintiff also cites *Bivens*, 403 U.S. 388 (1971), as the basis for his claims. To state a claim under *Bivens*, a plaintiff must allege that he was "deprived of rights secured by the Constitution or laws of the United States" and that "the defendants who allegedly deprived [him] of those rights acted under color of federal law." *Marie v. Am. Red Cross*, 771 F.3d 344, 364 (6th Cir. 2014) (emphasis omitted). The Supreme Court has exclusively recognized three contexts in which a *Bivens* action may be asserted against federal officials for constitutional violations:

> (1) under the Fourth Amendment for a violation of the prohibition against unreasonable searches and seizures of a private citizen's residence, *Bivens*, 403 U.S. at 389, 397;
>
> (2) under the Fifth Amendment Due Process Clause for gender discrimination, *Davis v. Passman*, 442 U.S. 228, 230–31, 248–49 (1979); and

(3) under the Eighth Amendment for failing to provide adequate medical treatment to a prisoner, *Carlson v. Green*, 446 U.S. 14, 16 n.1, 19 (1980).

*Hower v. Damron*, 2022 WL 16578864, at *2 (6th Cir.). Expanding *Bivens* beyond these three contexts is "a disfavored judicial activity." *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1857 (2017) (quotation omitted); *see also Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) ("When asked to imply a *Bivens* action, 'our watchword is caution.' . . . And for almost 40 years, we have consistently rebuffed requests to add to the claims allowed under *Bivens*.") (quoting *Hernandez v. Mesa*, 140 S. Ct. 735, 742-43 (2020)). Plaintiff's claims do not fall into these recognized categories of claims.

The Supreme Court provides a two-part test for determining whether to permit a *Bivens* claim:

> First, we ask whether the case presents 'a new *Bivens* context' – *i.e.*, is it 'meaningful[ly]' different from the three cases in which the Court has implied a damages action. Second, if a claim arises in a new context, a *Bivens* remedy is unavailable if there are 'special factors' indicating that the Judiciary is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'

*Egbert*, 142 S. Ct. at 1803 (quoting *Ziglar*, 582 U.S. 120, 136, 139-40) (internal citations omitted).

The Court need not wade into this special factors analysis, however, as even if *Bivens* were extended to cover Plaintiff's claims, he would still be unable to proceed.

<u>*Heck v. Humphrey* Favorable Termination Bar</u>

Even if Plaintiff could state a claim under *Bivens*, his claims would still be subject to dismissal. Plaintiff seeks, *inter alia*, $500,000 from "each defendant for each violation". (Doc. 1, at 2). However, Plaintiff may not pursue a civil rights claim for damages for an allegedly wrongful conviction unless and until his conviction has been reversed. *See Heck v. Humphrey*,

512 U.S. 477 (1994). In *Heck*, the Supreme Court held that "where success in a prisoner's § 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam); *see also Robinson v. Jones*, 142 F.3d 905, 906–07 (6th Cir. 1998) ("[T]he *Heck* holding applies equally to an action brought under *Bivens*.").

Plaintiff's claims all arise from actions related to his criminal prosecution. *See* Doc. 1, at 1-2. Specifically, he alleges he was entrapped, exculpatory evidence was withheld, he was maliciously prosecuted, and he was forced to sign a "fraudulent" plea agreement. Success on any of these claims would implicitly question the validity of his conviction. *See, e.g.*, *Reese v. Gorcyca*, 55 F. App'x 348, 349 (6th Cir. 2003) (ineffective assistance claims barred by *Heck*); *Holland v. Cnty. of Macomb*, 2017 WL 3391653, at *2 (6th Cir.) (substantive due process, conspiracy, and malicious prosecution claims barred by *Heck*); *Mouton v. Louisiana*, 2013 WL 6018986, at *1 (5th Cir.) (claims of ineffective assistance of counsel, prosecutorial misconduct, trial court error, judicial misconduct, juror misconduct and wrongful incarceration all barred by *Heck*); *Spuck v. Clearfield Cnty.*, 2013 WL 4735057, at *1 (3d Cir.) (allegations of planting false evidence, destroying evidence, and refusing to turn over evidence are *Heck*-barred); *Baldwin v. O'Connor*, 466 F. App'x 717, 717–18 (10th Cir. 2012) (alleged violations of due process, double jeopardy, illegal search and seizure, and prosecutorial misconduct are all barred by *Heck*).

Because Plaintiff's conviction has not been vacated, his claims for monetary relief are barred by *Heck.*

8

Moreover, to the extent Plaintiff seeks dismissal of his original criminal charges and reversal of his conviction (*see* Doc. 1, at 2 (seeking to "have criminal charges dropped on plaintiff")), his remedy to seek such relief is a direct appeal[2] or subsequently a petition for habeas corpus under 28 U.S.C. § 2255. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

All of Plaintiff's claims must therefore be dismissed.

Judicial Immunity

In addition to the reasons stated above, the Court notes the Complaint does not contain specific facts regarding a claim against Judge Drain, the judge who oversaw Plaintiff's federal criminal case. Even under the most liberal construction, it only broadly asserts Judge Drain conspired with the other Defendants to deprive Plaintiff of his rights. *See* Doc. 1, at 1. The claim against Judge Drain is subject to dismissal on this basis alone. Nevertheless, even if the Complaint set forth facts to state a claim against Judge Drain, is well settled that federal judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Butz v. Economou*, 438 U.S. 478, 511-13 (1978); *Ireland v. Tunis*, 113 F.3d 1435, 1440 (6th Cir. 1997). The doctrine affords absolute immunity from suits for damages for judicial acts, unless such acts are done in the "clear absence of all jurisdiction." *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" (citation omitted)).

Plaintiff has not alleged any facts supporting a claim that Judge Drain undertook any non-judicial act, or acted without jurisdiction, and therefore, in addition to the reasons stated above,

---

2. Plaintiff has filed a Notice of Appeal in the underlying criminal case. *See United States v. Rider*, No. 19 CV 20831 (Doc. 146).

the Court finds the Complaint fails to state a claim against Judge Drain. *See* 28 U.S.C. § 1915(e)(2) (if "at any time" a court determines the action is frivolous or malicious, fails to state a claim, and/or seeks monetary relief against an immune defendant, "the court shall dismiss the case[.]"); *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004) (absolute immunity provides grounds for dismissal under Rule 12(b)(6)).

Prosecutorial Immunity

Finally, Plaintiff's claim against AUSA Reynolds is further barred by the doctrine of prosecutorial immunity. Plaintiff asserts Reynolds "withheld relevant information that was part of the Discoveries of the fraudulent matter", "maliciously created the above stated case to [e]ntrap" him, and created a "fraudulent plea agreement". (Doc. 1, at 1-2). Government attorneys are entitled to absolute immunity with regard to their actions in carrying out their role in the judicial process. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 272-73, (1993); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976); *see also Noble v. United States*, 855 F. App'x 816, 821 (3d Cir. 2021) ("[P]rosecutorial immunity barred the [*Bivens*] claims brought against AUSA Piccinini."); *Koubriti v. Convertino*, 593 F.3d 459, 467 (6th Cir. 2010) ("prosecutors have absolute immunity from suits for malicious prosecution"; "prosecutors have absolute immunity from civil liability for the non-disclosure of exculpatory information") (internal quotation omitted); *Pinaud v. Cnty. of Suffolk*, 52 F.3d 1139, 1149 (2d Cir. 1995) (absolute immunity barred claims that a prosecutor made false representations to prompt a plea agreement). Plaintiff's claims against AUSA Reynolds must also be dismissed for this additional reason.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that this matter be, and the same hereby is, DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B); and the Court

FURTHER CERTIFIES, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

 s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE